**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Edgar Alejandro VENEGAS– CASTILLO, Defendant– Appellant.**

No. 05–41157

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

June 21, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Michael L. Herman, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Edgar Alejandro Venegas–Castillo (Venegas) appeals the conviction and sentence resulting from his plea of guilty to illegally reentering the United States following deportation. *See* 8 U.S.C. § 1326.

Venegas originally contended that the district court erred by refusing to count three prior convictions as related convictions for purposes of calculating his criminal history. However, Venegas now concedes that at least two of the convictions were not related under the Sentencing Guidelines because they were separated by an intervening arrest. *See* U.S.S.G. § 4A1.2(a)(2) & comment. (n.3) (Nov.2004). He also concedes that any remaining error in his criminal history score would be harmless. No relief is warranted regarding Venegas's criminal history.

Venegas also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

L.Ed.2d 435 (2000). Venegas's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Venegas contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Venegas properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.